**Abatement Order filed May 12, 2015**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00174-CV
_____

**TRACEY LYNN FREEZIA, Appellant**

**V.**

**IS STORAGE VENTURE, LLC, JLE INVESTORS, INC. D/B/A ASSOCIATED MORTGAGE INVESTORS, POST OAK BANK, N.A., AND JAMES L. EMERSON, Appellees**

On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2012-20372

## ABATEMENT ORDER

This is an appeal from a judgment signed February 7, 2014. It appears from the record that the judgment is not final. Specifically, the record does not contain an order or judgment that disposes of or severs James L. Emerson's counterclaims against Tracey Lynn Freezia.

The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may clarify whether the summary judgments are final and to permit the parties to obtain an order or orders disposing of the counterclaims against Tracey Lynn Freezia, if necessary. A supplemental clerk's record containing the trial court's clarifying order(s) shall be filed with the clerk of this court within 45 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

Panel consists of Justices Jamison, Busby and Brown.